UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EDWIN LOPEZ,

                Petitioner,

    -against-

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------------------------------------X

15-CV-6514 (KMW)
13-CR-788 (KMW)

OPINION & ORDER

KIMBA M. WOOD, United States District Judge:

Petitioner Edwin Lopez has filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, alleging that his trial attorney, Jay Goldberg, rendered ineffective assistance of counsel by failing to make certain arguments at sentencing and failing to file a notice of appeal. Petition, Dkt. No. 74. For the reasons stated herein, his petition is DENIED.

### I. BACKGROUND

On October 10, 2013, a grand jury in this District returned an indictment charging Petitioner and one other defendant with one count of participating in a conspiracy to distribute and to possess with intent to distribute one kilogram and more of mixtures and substances containing a detectable amount of heroin, and one count of distributing and possessing with the intent to distribute the same. Dkt. No. 9. The charges arose out of an interaction between the Petitioner and a cooperating witness on July 12, 2013, in which Petitioner offered to sell the cooperating witness a kilogram and a half of heroin. Complaint, Dkt. No. 1 ¶ 9. On April 28, 2014, the Petitioner appeared before Magistrate Judge Andrew J. Peck and pled guilty to Count One of the indictment

1

pursuant to a plea agreement. During the guilty plea allocution, the Petitioner was questioned extensively on his understanding of the plea agreement, the stipulated Guidelines range for his crime, and his agreement to waive his rights to directly appeal or collaterally attack his conviction or sentence if he was given a sentence within or below the stipulated Guidelines range. Plea Transcript ("Plea Tr."), Dkt. No. 39, 10-13. At the end of the allocution, Petitioner confirmed his desire to plead guilty. *Id.* at 13. On September 30, 2013, the undersigned accepted Petitioner's guilty plea. Dkt. No. 51.

On October 2, 2014, Petitioner and Mr. Goldberg appeared before this court for sentencing. Petitioner requested a two-level variance based on a new amendment to the United States Sentencing Guidelines ("Amendment 782") that was set to take effect on November 1st of that year. Sent. Tr., Dkt. No. 55 at 6.[1] The Court granted that request, resulting in a lower Guidelines range of 57 to 71 months. *Id.* at 6. The Court sentenced the Petitioner to 57 months of imprisonment. *Id.* at 7-8.

On January 7, 2015, Petitioner filed a motion pursuant to Title 18, United States Code, Section 3582(c)(2), seeking the same Amendment 782 reduction he had been given at sentencing. Dkt. No. 80. Because Petitioner had already benefitted from the Amendment, the Court denied the motion. Dkt. No. 81.

On August 13, 2015, Petitioner filed this motion, seeking to have his sentence vacated pursuant to Title 28, United States Code, Section 2255. Petitioner contends that Mr. Goldberg violated his Sixth Amendment right to effective assistance of counsel in two ways. First, Petitioner argues that his counsel promised to argue for a minimal role adjustment leading up to and on the

---

[1] The Sentencing Commission voted in April of 2014 to enact Amendment 782, lowering the base offense levels in the Guidelines Drug Quantity Table across drug types. This reduced by two levels the sentence for many drug trafficking offenses, including Petitioner's.

2

date of Petitioner's sentencing, and did not. Pet. Mem. 6-9. Second, Petitioner argues that his counsel failed to file a notice of appeal after Petitioner requested that he do so. *Id.* at 11.

## II. LEGAL STANDARD

To prevail on a claim of ineffective assistance of counsel, a petitioner must satisfy the two-pronged standard established in *Strickland v. Washington*, 466 U.S. 668 (1984), by showing both (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that counsel's deficient performance prejudiced" the petitioner. *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000) (internal quotation marks omitted). Although courts must consider both prongs of the *Strickland* test, the Supreme Court has explained that "if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697.

Prevailing on a *Strickland* claim is not easy. In order to "give appropriate deference to counsel's independent decisionmaking," courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Parisi v. United States*, 529 F.3d 134, 141 (2d Cir. 2008) (internal quotation marks omitted). Similarly, in establishing prejudice in satisfaction of the second prong of *Strickland,* a Petitioner bears a "heavy burden." *Strickland,* 466 U.S. at 692. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test." *Strickland* at 693. Rather, a Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

To establish prejudice in the context of a guilty plea, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Flores v. Demskie*, 215 F.3d 293, 304 (2d Cir. 2000). Similarly, with regard to counsel's failure to file an appeal, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient [advice], he would have timely appealed." *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000).

## III. DISCUSSION

### Minimal Role Reduction

The Petitioner alleges that his guilty plea was "unknowingly, unintentionally and unintelligently entered [into]" due to counsel's failure to argue for a downward departure pursuant to United States Sentencing Guideline ("U.S.S.G.") § 3B1.2, based on Petitioner's minimal role in the offense. Pet. Mem. at 6-7. Petitioner claims a he played minor role based on the fact that he merely transported, rather than distributed or sold, the illegal narcotics at issue. *Id.* at 8. Petitioner alleges that his counsel informed him that he would seek this downward departure, but he never, in fact, did. *Id.* at 7.

Counsel's actions were not so objectively unreasonable as to violate the first prong of *Strickland*. Petitioner's counsel did argue that Petitioner played a minor role in the offense. Sent. Sub. at 3. He also argued that Petitioner's minimal participation warranted a below-Guidelines

4

sentence. *Id.* In his sentencing submission to the court, Mr. Goldberg advocated for a non-Guidelines sentence pursuant to § 3553(a) for, among other reasons, Petitioner's "degree of participation in the criminal transaction." Sent. Sub. at 1. Defense counsel stated that Petitioner "had nothing to do with the price and quantity negotiations" for the illegal drug transaction, and only served as a middleman to transport the drugs. *Id.* at 3. Counsel reiterated this argument at Petitioner's sentencing, where he stated that "the two main culprits ... were Dominicans" who used his client as an "American puppet[] in conducting the transaction," and that Petitioner should "be given a substantial variance from the Guidelines." Sent. Tr. at 4.

Petitioner is correct that Mr. Goldberg failed to formally request a downward departure under U.S.S.G. § 3B1.2, and instead chose to highlight Petitioner's minor role as a factor for the court's consideration under 18 U.S.C. § 3553(a). This was the only course of action available to Mr. Goldberg. Petitioner's plea agreement stipulated an applicable Guideline range, and precluded Petitioner's counsel from seeking a downward departure from that range under U.S.S.G. § 3B1.2. *See* Plea Agr. at 3. That left Counsel free to make the same "minor role" argument in the context of § 3553, which counsel did at length.

The fact that counsel did not request a § 3B1.2 downward departure, as opposed to a variance under § 3553, did not have any effect on Petitioner's sentence. For these reasons, counsel's actions were not unreasonable, and did not violate Petitioner's Sixth Amendment right.

Petitioner has also failed to prove that he suffered any prejudice as a result of Mr. Goldberg's action. Specifically, he has not shown that he would not have pled guilty but for counsel's alleged assurance of a § 3B1.2 reduction. If a Petitioner claims he would not have entered into a plea agreement but for his counsel's deficient instruction, the court must examine whether the Petitioner's agreement to plead guilty was, at the time, knowing and voluntary. *North Carolina*

5

*v. Alford*, 400 U.S. 25 (1970). A defendant's previous sworn statement that he understood the terms of his plea agreement should carry weight in the face of a later assertion to the contrary. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). At his allocution, Petitioner stated that he understood the terms of his plea agreement and that his lawyer had gone over "all of the contents" with him. Plea Tr. at 11-12. The plea agreement clearly stipulated an applicable Guideline range, and clearly foreclosed any attempt by the parties to argue for a § 3B1.2 departure at sentencing. Given Petitioner's assurance that he understood the agreement's terms in their entirety, it is fair to conclude that Petitioner understood that he could not receive a § 3B1.2 adjustment.

Despite this understanding, Petitioner still chose to plead guilty. There is thus no reasonable probability that, but for counsel's failure to argue for a § 3B1.2 adjustment, Petitioner would not have pleaded guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

**Failure to file an appeal**

Petitioner next argues that counsel deprived him of his constitutional right to appeal his "substantively unreasonable" sentence. Pet. Mem. at 11. Specifically, Petitioner contends that after he expressed a desire to appeal, Mr. Goldberg counseled against it in light of the fact that this Court had already sentenced Petitioner to a term below his plea agreement's stipulated Guidelines range. *Id.* at 10. After Petitioner received this advice, no notice of appeal was ever filed.

Counsel has a "constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. at

480. Although the law of this Circuit mandates that counsel file a notice of appeal at defendant's request even if counsel believes the appeal to be frivolous, *Campusano v. United States*, 442 F.3d 770 (2d Cir. 2006), counsel's failure to file an appeal violates the Sixth Amendment only when counsel "ignor[es] a defendant's *explicit direction* to [do so]." *Fernandez v. United States,* 146 F.3d 148, 149 (2d Cir. 1998) (emphasis added).

With regard to Mr. Goldberg's failure to file a notice of appeal, Petitioner has not satisfied either prong of *Strickland.* First, he fails to show that counsel's representation fell below an objective standard of reasonableness. He does not show that counsel ignored an explicit request to seek an appeal, rather than having simply advised his client that he thought an appeal unwise. Petitioner notes that Mr. Goldberg informed him that "it would be better not [to] appeal." Pet. Mem. at 11. According to Petitioner, counsel's reasoning was based on the fact that Petitioner had already been granted a downward variance pursuant to Amendment 782. *Id.* Petitioner then appears to argue that this was "not a legitimate reason" for counsel's cautioning against an appeal. *Id.* However, counsel's discouragement was reasonable given the totality of the circumstances, considering that the terms of the Petitioner's plea agreement prohibited appeal of a sentence within or below the Guideline range stated in the plea agreement (70-87 months). Plea Agr. at 4. Absent any evidence that Mr. Goldberg ignored an explicit directive from Petitioner, counsel's action constitutes a valid strategic choice within the bounds of what *Strickland* permits.

Second, Petitioner fails to establish actual prejudice. Because Petitioner had agreed not to challenge his sentence on the ground for which he claims to have sought appeal, Mr. Goldberg's actions did not affect the outcome of his proceeding. In his allocution, he specifically acknowledged an understanding of this waiver. Plea Tr. at 12. Petitioner received a sentence of 57 months, which was below the agreement's stipulated Guideline range. *See* Plea Agr. at 3. Petitioner

7

thus cannot show that he would have timely appealed but for his counsel's "error," as is required under *Strickland*.

Because Petitioner has failed to satisfy the two-pronged test set forth in *Strickland* with respect to both of his claims, he has failed to prove any violation of his Sixth Amendment right to effective assistance of counsel.

## **CONCLUSION**

For the reasons stated above, the Petition to vacate is DENIED. The Court also denies Petitioner's request for a hearing on these issues. A certificate of appealability will not issue because Petitioner has failed to make a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253. The Clerk of Court is directed to close this case; all pending motions are moot.

SO ORDERED.

Dated: New York, New York
April 20, 2017

                                                Kimba M. Wood
                                                United States District Judge